828 P.2d 778

**The STATE of Arizona, Appellee,**

v.

**Michael Edward SMITH, Appellant.**

**No. 2 CA–CR 90–0839.**

Court of Appeals of Arizona, Division 2, Department B.

March 17, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Kent E. Cattani, Phoenix, for appellee.

Susan A. Kettlewell, Pima County Public Defender by Susan M. Quillin, Tucson, for appellant.

## OPINION

FERNANDEZ, Presiding Judge.

After a jury trial, appellant was convicted of one count of theft by controlling stolen property worth more than $1,500, a class 3 felony, and one count of armed robbery, a class 2 felony. The state alleged and appellant admitted that he has two prior felony convictions. He was sentenced to presumptive, consecutive terms of imprisonment. Appellant contends on appeal that the trial court erred in imposing consecutive sentences in violation of a stipulation and in enhancing his dangerous nature offense with two prior nondangerous convictions. Appellant also argues that the evidence was insufficient to support his convictions. We find the evidence sufficient but modify appellant's sentences.

## VIOLATION OF STIPULATION

The state acknowledges that appellant stipulated that the value of the stolen vehicle exceeded $1,500 in exchange for the state's agreement that any sentence imposed for the theft charge would be served concurrently with any sentence imposed on the armed robbery charge. Absent the stipulation, there was no evidence of the car's value. The trial court informed the jury that the parties had stipulated to the value of the car and acknowledged the stipulation at the time appellant waived his right to a jury trial on the prior conviction allegations. At sentencing, however, all parties overlooked the stipulation, and the court sentenced appellant to consecutive terms. Under the circumstances, therefore, appellant's sentences are ordered to run concurrently rather than consecutively. *See State v. Gourdin,* 156 Ariz. 337, 751 P.2d 997 (App.1988); *State v. Diaz,* 142 Ariz. 136, 688 P.2d 1028 (App.), *aff'd,* 142 Ariz. 119, 688 P.2d 1011 (1984).

## ENHANCEMENT OF SENTENCE

Appellant next contends that the trial court erroneously sentenced him on the armed robbery charge. The state filed a dangerous nature allegation on that charge, and the jury found the allegation to

be true beyond a reasonable doubt. Appellant admitted that he has two prior nondangerous felony convictions. The court sentenced appellant to a presumptive term of 15.75 years on that count pursuant to A.R.S. § 13–604(D), which provides in part as follows:

Except as provided in subsection G ... of this section ..., a person who is at least eighteen years of age or who has been tried as an adult and who stands convicted of a class 2 or 3 felony, and who has been previously convicted of two or more felonies, shall be sentenced to imprisonment for at least twice the sentence and not more than four times the sentence authorized by § 13–701 for the offense for which the person currently stands convicted.... Upon imposing a sentence pursuant to this subsection the court shall impose as a presumptive term three-fourths of the median of the allowable range.

The applicable sentencing range for the armed robbery conviction under that subsection was 14 to 28 years.

Appellant contends that he should have been sentenced instead pursuant to A.R.S. § 13–604(G) because his conviction for armed robbery was his first conviction for a dangerous felony. Subsection G provides:

[U]pon a first conviction of a class 2 or 3 felony involving use or exhibition of a deadly weapon or dangerous instrument ..., the defendant shall be sentenced to imprisonment for not less than the sentence and not more than three times the sentence authorized in § 13–701 for the offense for which the person currently stands convicted.... [U]pon conviction of a class 2 or 3 felony involving the use or exhibition of a deadly weapon or dangerous instrument ..., a person who has once previously been convicted of a class 1, 2 or 3 felony involving the use or exhibition of a deadly weapon or dangerous instrument ... shall be sentenced to imprisonment for twice the sentence and not more than four times the sentence authorized in § 13–701 for the offense for which the person currently stands convicted.... [U]pon conviction for a class 2 or 3 felony involving the use or

exhibition of a deadly weapon or dangerous instrument ..., a person who has been previously convicted of two or more class 1, 2 or 3 felonies involving the use or exhibition of a deadly weapon or dangerous instrument ... shall be sentenced to imprisonment for three times the sentence and not more than five times the sentence authorized in § 13–701 for the offense for which the person currently stands convicted.... Upon imposing a sentence pursuant to this subsection the court shall impose as a presumptive term three-fourths of the median of the allowable range, except in the case of a person with two or more class 1, 2 or 3 felony convictions in which case the presumptive term shall be the median of the allowable range.

Under appellant's theory, the applicable sentencing range would be seven to 21 years, even though he admitted that he has been convicted of two prior felonies.

We find no error in the sentence the court imposed. If appellant had had no prior felony convictions, then the appropriate sentence would have been the seven to 21–year range under § 13–604(G). If his prior convictions had been dangerous nature felonies, his sentence would have been properly enhanced pursuant to the balance of subsection G. Because his prior convictions were for nondangerous felonies, however, the court properly enhanced his sentence pursuant to § 13–604(D). We find no merit to appellant's contention that the trial court is required to ignore his two prior felony convictions simply because the armed robbery conviction is his first dangerous nature conviction.

## SUFFICIENCY OF THE EVIDENCE

■ Finally, appellant argues that the evidence was insufficient to sustain either his conviction for armed robbery or his conviction for theft. We disagree.

The owner of a 1988 Isuzu testified that an individual wearing a ski mask and carrying a shotgun stopped her car as she was waiting to place an order at a fast food restaurant, yanked her out of the car, and

drove off in it with another individual. She was unable to determine the gender or race of either individual.

Two days later, a clerk at a convenience store was confronted by two individuals wearing ski masks and carrying sawed-off shotguns. One kicked the clerk in the stomach and then ordered him to open the cash register and take out the money. He was also ordered to give them his wallet. The clerk was able to tell that the persons were black males, and he described their clothing but was unable to identify anyone.

The police arrived shortly after the clerk called in the robbery. An officer spotted two black males in a car and followed them into a cul-de-sac. The men jumped out of the car, jumped a fence, and got away. The car they abandoned was the 1988 Isuzu. Inside it the officers found a ski mask, a piece of cloth with eye holes in it, other articles of clothing, and a sawed-off shotgun, which the clerk identified at trial.

The police continued searching the area. Approximately 45 minutes after the robbery and a quarter mile from the abandoned car, appellant was found in a dumpster. In the crotch of his sweat pants, the police found the clerk's wallet and a roll of money. A sawed-off shotgun was found in the dumpster. After appellant had been taken to the police station, a police officer observed him remove bait money from under his shirt sleeve and put it on a desk. The markings on the bills corresponded with the markings on the bait money taken in the armed robbery.

Appellant was charged with theft pursuant to A.R.S. § 13–1802(A)(5), which provides that "[a] person commits theft if, without lawful authority, such person knowingly: * * * 5. Controls property of another knowing or having reason to know that the property was stolen...." The trial court instructed the jury pursuant to A.R.S. § 13–1802(B) and the language of § 13–2305 that proof of possession of property that has been recently stolen may give rise to an inference that the person in possession "was aware of the risk that it had been stolen or in some way participated in its theft" unless a satisfactory explanation is given for the possession.

A.R.S. § 13–2305(1). In this case, no explanation was given for appellant's possession of the vehicle, possession which the jury could infer from the clerk's testimony, the evidence found in the car, and the evidence found on appellant's person.

Appellant's conviction for armed robbery is supported by the clerk's identification of the masks and shotgun found in the car and from appellant's possession of the clerk's wallet, a sawed-off shotgun, and the bait money from the convenience store cash register.

█ When we review the evidence in the face of a challenge to its sufficiency, we examine the facts in the light most favorable to upholding the verdict. *State v. Parker,* 113 Ariz. 560, 558 P.2d 905 (1976); *State v. Belcher,* 161 Ariz. 133, 776 P.2d 811 (App.1989). We find that the evidence presented here was sufficient to sustain the convictions.

The convictions are affirmed, and appellant's sentences are ordered to be served concurrently.

HATHAWAY and DRUKE, JJ., concur.