**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Norman Ray EDLUND, Defendant—**
**Appellant.**

No. 06–35874.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed Oct. 19, 2007.

James E. Seykora, Esq., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Wayne C. Fricke, Esq., Law Offices of Monte E. Hester, Tacoma, WA, for Defendant–Appellant.

Before: B. FLETCHER, BEAM *, and RYMER, Circuit Judges.

MEMORANDUM **

Norman Ray Edlund, a federal prisoner, appeals from the district court's denial of his 28 U.S.C. § 2255 motion. We affirm on the certified issue, and decline to reach briefed, but uncertified, issues.

The time for filing a § 2255 motion began to run when Edlund's judgment became final on March 23, 2002. *Clay v. United States,* 537 U.S. 522, 524–25, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); *Miranda v. Castro,* 292 F.3d 1063, 1065 (9th Cir.2002). While his original motion was timely filed, the amended petition, filed in 2005, was not. Claim 3 of the amended petition, which concerns counsel's failure to file a notice of appeal from sentencing, does not relate back because it "asserts a new ground for relief supported by facts that differ in both time and type from

* The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

those the original pleading set forth." *Mayle v. Felix,* 545 U.S. 644, 650, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).

■ Nor does Edlund make a substantial showing of the denial of a constitutional right on any uncertified issue. *Stokes v. Schriro,* 465 F.3d 397, 401 n. 3 (9th Cir. 2006) (noting the standard). Edlund's amended ineffective assistance claim is time-barred. No extraordinary circumstance stood in the way of his amending on time. *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). The court's clerical mistake in handling his initial petition did not affect a timely filing; Edlund knew all the facts giving rise to his amended claim, was aware of the legal theory, and could have amended at any time. *Cf. Corjasso v. Ayers,* 278 F.3d 874 (9th Cir.2002) (allowing equitable tolling where the clerk's office erroneously rejected and then lost a timely-filed pro se petition, resulting in an untimely filing); *see Spitsyn v. Moore,* 345 F.3d 796, 802 (9th Cir.2003) (noting that any link between extraordinary circumstances and failure to file is broken if petitioner has not exercised reasonable diligence in attempting to file).

AFFIRMED.