**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Brent Delvalen BLAKE, aka Baby Luke, Defendant—Appellant.**

No. 07–10286.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2008.*

Filed July 11, 2008.

Russell L. Carlberg, USSAC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alister Mcalister, Esq., Wilton, CA, for Defendant–Appellant.

Before: WALLACE and GRABER, Circuit Judges, and EZRA,\*\* District Judge.

### MEMORANDUM \*\*\*

Blake does not challenge his armed robbery conviction on appeal, but does raise two issues dealing with his sentence. "This court reviews the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of this case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir.2005). We affirm.

■ U.S.S.G. § 3C1.1 provides for a two-level increase to the offense level for a defendant who "obstruct[s] or impede[s] ... the administration of justice" during the course of proceedings. Application Note 4(b) indicates that "suborning ... perjury" is conduct to which the enhancement applies.

Blake's arguments not withstanding, the district court did not clearly err when it concluded that Prescott and Robertson perjured themselves as witnesses and that the perjury benefited Blake. *See United States v. Cooper*, 173 F.3d 1192, 1205 (9th Cir.1999). Nor was the district court required to submit the charge of perjury to the jury, because the enhancement did not take the sentence beyond the statutory maximum. *See Stokes v. Schriro*, 465 F.3d 397, 403–04 (9th Cir.2006).

Furthermore, contrary to Blake's contentions, the district court justified its conclusion with sufficient reasoning, *see United States v. Rigby*, 896 F.2d 392, 394 (9th Cir.1990), and the government met its burden in showing the subornation when it argued for the enhancement in court documents and at the sentencing hearing. Finally, Blake's argument about the "two-witness" rule fails because the rule as applied to perjury prosecutions was long ago abolished. *See* 18 U.S.C. § 1623(e); *United States v. Jessee*, 605 F.2d 430, 431 (9th Cir.1979).

■ Blake also contends that the district court erred when it imposed an upward departure of five offense levels because Blake's criminal history was "woefully understated."

Contrary to the mischaracterizations in Blake's brief, the presentence report, the government, and the district court all recognized that, because Blake's Los Angeles burglary conviction was entered after the commission of the credit union robbery, Blake was not a "career offender" under U.S.S.G. §§ 4B1.1–4B1.2(c).

Blake's argument that the district court needed to make detailed findings and calculations to justify the "upward departure" is incorrect because the Guidelines are no longer mandatory. *See United States v. Mohamed*, 459 F.3d 979, 986 (9th Cir. 2006). The district court exercised its discretion reasonably when it made its determination "in light of the 'numerous factors' set forth in 18 U.S.C. § 3553(a), including the applicable advisory guidelines range." *Id.* at 985. Those factors included: (1)

---

\*\* The Honorable David Ezra, United States District Judge for the District of Hawaii, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36–3.

Blake's conviction for a Los Angeles burglary, which conviction was entered after the credit union robbery largely due to Blake's own illegal behavior in absconding; (2) a number of violent juvenile offenses that were not adequately reflected in his criminal history; (3) similar adult crimes that had been consolidated, understating his criminal history; (4) the district court's finding that Blake's criminal activity was intensifying over time, becoming more violent, and victimizing more people, with larger loss amounts; and (5) the need to avoid a sentencing disparity between Blake and his co-defendant, who had the same role in the credit union robbery and a similar criminal history. The court was therefore justified in deviating upward based on the section 3553 factors of deterring criminal activity and protecting the public. *See id.* at 989.

**AFFIRMED.**