**Kory NIELSEN, Petitioner—Appellant,**

v.

**Maggie MILLER–STOUT, Respondent— Appellee.**

No. 07–35872.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 5, 2008.*

Filed Oct. 6, 2008.

Sheryl Gordon McCloud, Esq., Law Offices of Sheryl Gordon McCloud, Seattle, WA, for Petitioner–Appellant.

John J. Samson, Esq., Office of the Washington Attorney General, Criminal Justice Division, Olympia, WA, for Respondent–Appellee.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: PREGERSON, CANBY, and HALL, Circuit Judges.

### MEMORANDUM \*\*

A jury convicted Kory Nielsen of homicide by abuse for the death of 23–month–old Kyle Thies.[1] The Washington Supreme Court affirmed his sentence on direct review, and Nielsen exhausted his state post-conviction remedies. Nielsen filed a habeas corpus petition under 28 U.S.C. § 2254 in the district court, arguing that his sentence was unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The district court dismissed the petition, and Nielsen brought this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review de novo the district court's decision to grant or deny a § 2254 habeas petition. *Bean v. Calderon,* 163 F.3d 1073, 1077 (9th Cir.1998). Under the Antiterrorism and Effective Death Penalty Act, a petitioner seeking habeas relief must demonstrate that the state court's decision on the merits was contrary to, or involved an unreasonable application of, clearly established federal law under United ed States Supreme Court precedent, or that the decision was based on an unreasonable determination of the facts. *Lockyer v. Andrade,* 538 U.S. 63, 70–73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

Homicide by abuse is a Class A felony in Washington, carrying a statutory maximum sentence of life imprisonment. Wash. Rev.Code §§ 9A.32.055(3), 9A.20.021(1)(a). In Nielsen's case, Wash-

---

1. The record is unclear as to whether the victim's last name is "Theis" or "Thies." We use "Thies" here because that is how his name originally appeared at trial.

ington's Sentencing Reform Act provided a separate standard sentencing range of 240 to 320 months. The trial judge imposed an exceptional sentence of 640 months, applying enhancements under the Sentencing Reform Act for the abuse of a position of trust, the vulnerability of the victim, and deliberate cruelty. It is uncontested that the sentencing court violated the rule of *Blakely* by applying sentence enhancements under Washington's Sentencing Reform Act when the facts supporting those enhancements had not been found beyond a reasonable doubt by the jury. *See Blakely,* 542 U.S. at 303–04, 124 S.Ct. 2531. Nielsen's conviction became final in 2003, however, before the Supreme Court decided *Blakely. Blakely* "does not apply retroactively to a conviction that was final before the decision was announced." *Schardt v. Payne,* 414 F.3d 1025, 1038 (9th Cir.2005). *Blakely* itself therefore has no effect on the constitutionality of Nielsen's sentence.

Nielsen argues, however, that the rule of *Blakely* was functionally anticipated and applied by *Apprendi v. New Jersey,* 530 U.S. at 476, 120 S.Ct. 2348, which was decided before Nielsen's conviction became final. *Schardt* forecloses this argument. *Schardt* pointed out that it was not "apparent to all reasonable jurists" that a sentence such as Nielsen's was unlawful under *Apprendi. Schardt,* 414 F.3d at 1035. To the contrary, "[e]very circuit court of appeals that addressed the question presented in *Blakely* reached the opposite conclusion from the rule subsequently announced by the Supreme Court." *Id.* Most state courts were in harmony with the pre-*Blakely* federal consensus. *See, e.g., State v. Dilts,* 336 Or. 158, 82 P.3d 593, 601 (2003). Thus, when *Blakely* was decided, it announced a new rule that was not "dictated by precedent," including the precedent of *Apprendi. Schardt,* 414 F.3d at 1035.

Contrary to Nielsen's contention, the Supreme Court's decision in *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which was decided before Nielsen's conviction became final, did not establish that *Apprendi* rendered Nielsen's sentence unconstitutional. Nothing in *Ring* clearly established that Washington's Sentencing Reform Act would serve as a relevant statutory maximum for *Apprendi* purposes. *Ring,* like *Apprendi,* thus did not render Nielsen's sentence unconstitutional.

Finally, there is no merit to Nielsen's argument that the holding of *Schardt* conflicts with two subsequent Ninth Circuit cases interpreting *Apprendi, Kaua v. Frank,* 436 F.3d 1057 (9th Cir.2006) and *Stokes v. Schriro,* 465 F.3d 397 (9th Cir. 2006). The sentences in both of these cases exceeded the statutory maximum for the underlying criminal offense, in direct violation of *Apprendi.* The sentence in *Schardt,* like Nielsen's, did not exceed the statutory maximum. *Schardt,* 414 F.3d at 1032–33.

**AFFIRMED.**