**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10181 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-01351-GMS-1 |
| v. | |
| DURAID HUSSEIN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Submitted August 12, 2022[**]
San Francisco, California

Before: RAWLINSON, BADE, and BRESS, Circuit Judges.

Duraid Hussein (Hussein) appeals his conviction for being a felon in

possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He

also appeals the denial of his motions to dismiss the indictment, for a mistrial, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

for a new trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the denial of a defendant's motion to dismiss an indictment. *United States v. Laskie*, 258 F.3d 1047, 1049 (9th Cir. 2001). We review for abuse of discretion the denial of a motion for a mistrial or for a new trial. *See United States v. Banks*, 514 F.3d 959, 973 (9th Cir. 2008) (mistrial); *United States v. Chhun*, 744 F.3d 1110, 1117 (9th Cir. 2014) (new trial).

**1.** Hussein challenges the district court's denial of his motion to dismiss the indictment as legally insufficient. He specifically maintains that he did not have a prior conviction punishable by imprisonment for a term exceeding one year under Arizona law because the state court suspended his sentence, and did not impose a sentence exceeding one year. However, Hussein stipulated to having been convicted of that felony. To the extent that Hussein's stipulation did not invite error, *see United States v. Hernandez*, 27 F.3d 1403, 1407 (9th Cir. 1994), *as amended*, his argument fails on the merits.

At the time of his indictment, Hussein had a prior felony conviction for aggravated assault. The offense carried a maximum sentence of 1.5 years under Arizona law, and Hussein was sentenced to three years' probation. *See* Ariz. Rev. Stat. § 13-702(D) (class 6 felonies). "[W]hen considering whether a crime is 'punishable' by more than one year, [we] . . . examine both the elements and the

2

sentencing factors" to decide whether the conviction "actually exposed" the defendant to more than one year of imprisonment. *United States v. McAdory*, 935 F.3d 838, 843-44 (9th Cir. 2019) (citation omitted). Because Hussein's crime of conviction actually exposed him to a term of imprisonment that exceeded one year, the district court correctly denied his motion to dismiss the indictment on this basis. *See* Ariz. Rev. Stat. § 13-701(C), (D)(11); *State v. Bonfiglio*, 295 P.3d 948, 950 (Ariz. 2013) (en banc).

**2.** Hussein asserts that the district court violated his Sixth Amendment right to a jury trial by not submitting the issue of his prior felony conviction to a jury. This argument is foreclosed by our precedent. *See Stokes v. Schriro*, 465 F.3d 397, 401 n. 5 (9th Cir. 2006) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury. . . .") (citation and first alteration omitted) (emphasis in the original).

**3.** Hussein contends that the district court plainly erred under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), by not requiring the government to prove that Hussein knew he had a felony conviction. "Under plain-error review, [we] may reverse only where there is an (1) error that is (2) plain, (3) affects substantial rights, and (4) 'seriously affects the fairness, integrity or public reputation of

3

judicial proceedings. . . .'" *United States v. Door*, 996 F.3d 606, 618 (9th Cir. 2021) (citation omitted), *cert. denied*, 142 S. Ct. 785 (2022).

In assessing *Rehaif* contentions, we "consider whether evidence proved beyond a reasonable doubt that Defendant had the knowledge required by *Rehaif* and that any error was not prejudicial." *United States v. Pollard*, 20 F.4th 1252, 1256 (9th Cir. 2021) (citation and internal quotation marks omitted).

We conclude that any *Rehaif* error was harmless in light of Hussein's guilty plea to aggravated assault and his stipulation that he had a prior felony conviction. *See id.* at 1256-57 (observing that "absent any evidence suggesting ignorance, the jury can infer that a defendant knew that he . . . was a convicted felon from the mere existence of a felony conviction as evidenced by the defendant's stipulation") (citation, alteration, and internal quotation marks omitted). Moreover, Hussein has not shown that any error was prejudicial, as the record demonstrates that Hussein knew he was a felon. *See id.* at 1256.

**4.** Hussein asserts that jurors may have seen a holding cell beyond the doorway he used to enter the courtroom during trial. But "[b]ecause a jury's brief or inadvertent glimpse of a defendant in physical restraints is not inherently or presumptively prejudicial to a defendant, [Hussein] must demonstrate actual

prejudice to establish a constitutional violation." *United States v. Olano*, 62 F.3d 1180, 1190 (9th Cir. 1995) (citations omitted).

Hussein failed to identify any evidence of prejudice. *See id.* He simply argues that "four prospective jurors who might have seen that Hussein was in custody were selected as trial jurors." However, the district court asked the jurors whether they observed anything that caused them concern about their ability to be fair, and no juror responded in the affirmative. Further, the district court instructed the jury that anything "seen or heard when the court was not in session [was] not evidence" and that the jury must "decide the case solely on the evidence received at trial." *See United States v. Reyes*, 660 F.3d 454, 468 (9th Cir. 2011) (stating that "jurors are presumed to follow the court's instructions") (citation omitted). Accordingly, the district court did not abuse its discretion by denying Hussein's motions for a mistrial.

**5.** Finally, the district court did not abuse its discretion in declining to order a new trial. Evidence of possible marijuana use by a government witness before testifying was cumulative impeachment evidence, and would not likely have resulted in acquittal had it been presented to the jury. *See United States v. Holmes*, 229 F.3d 782, 789 (9th Cir. 2000).

**AFFIRMED.**

5